# IN THE UNITED STATES DISTRICT COURT FOR MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. 3:09-cr-00227 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| BRIAN DAVID BRUMBACH ) | |

## ORDER

Pending before the Court are Defendant's Motion for Compassionate Release (Doc. No. 113), the Government's Response (Doc. No. 126), Defendant's Reply (Doc. No. 128), and the Government's Supplemental Response (Doc. No. 129-1). For the reasons stated below, Defendant's motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2011, Defendant pled guilty, before now-retired Judge Todd J. Campbell, pursuant to a Plea Agreement, to one count of being a convicted felon in possession of firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Doc. No. 81). Defendant's prior burglary convictions were classified as violent felonies and qualified Defendant for a sentence enhancement under the Armed Career Criminal Act ("ACCA"). (*See* PSR). Based on a criminal history category of VI and a total offense level of 31, the applicable guideline range was 188 to 235 months of imprisonment. (Doc. No. 90, "Sentencing Tr." at 3:3-5:2). On January 13, 2012, Judge [Todd] Campbell imposed a total sentence of 180 months, to be followed by two years of supervised release. (Doc. No. 88).

In 2017, the Sixth Circuit held that a Tennessee aggravated burglary conviction did not qualify as a violent felony predicate offense under the ACCA. *United States v. Stitt*, 860 F.3d 854, 862 (6th Cir. 2017) (en banc), *rev'd*, 139 S. Ct. 399 (2018). As a result of that ruling, Defendant's

sentence was reduced to time served, and he was released in June 2018 after serving ten years. (Doc. No. 95). The Supreme Court subsequently reversed *Stitt*, and in November 2019, Defendant's original sentence was reinstated. (Doc. No. 110). Defendant self-reported to serve the remainder of his sentence on January 2, 2020. (*Id.*). Defendant is currently serving his sentence at Tallahatchie County Correctional Center in Mississippi with a projected release date of February 21, 2024. Defendant is 52 years old and suffers from COPD and hypertension (*See* Doc. No. 125). On July 27, 2020, Defendant filed the pending Motion for Compassionate Release, in which he requests that the Court reduce his sentence to time served. (Doc. No.113).

The United States is in a public health crisis due to COVID-19, the infectious disease caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). *See* World Health Org., *Naming the Coronavirus Disease (COVID-19) and the Virus That Causes It*, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/technical-guidance/naming-the-coronavirus-disease-(covid-2019)-and-the-virus-that-causes-it (last visited August 19, 2020); U.S. Department of Health & Human Servs., *Renewal of Determination that a Public Health Emergency Exists*, https://www.phe.gov/emergency/news/healthactions/phe/Pages/covid19-23June2020.aspx (last visited August 19, 2020) (renewing, effective July 25, 2020, determination that a nationwide public health emergency exists due to the COVID-19 pandemic and has existed since January 27, 2020). COVID-19 has now killed more than 171,000 Americans and infected more than 5.4 million in a few months. *Mortality Analysis*, Johns Hopkins U. & Med. (August 19, 2020, 10:53 a.m.), https://coronavirus.jhu.edu/data/mortality.

The Centers for Disease Control and Prevention ("CDC") advises that individuals with certain underlying health conditions and older adults are at increased risk for severe illness and death if they contract the virus. *See* CDC, *People at Increased Risk*,

2

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited August 19, 2020). "At this time, there is no known cure, no effective treatment, and no vaccine." *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020) (Roberts, C.J., concurring). According to the CDC, "[t]he best way to prevent illness is to avoid being exposed to this virus." *See* CDC, *How to Protect Yourself & Others*, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited August 19, 2020).

## II. STANDARD OF REVIEW

In December 2018, Congress passed the First Step Act, Section 603 of which transformed the process for compassionate release under § 3582(c)(1)(A) to allow prisoners to directly petition courts.[1] Accordingly, the compassionate release statute now states in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[1] Before passage of the First Step Act, only the Director of the BOP could file motions for compassionate release:
> The BOP was first authorized to file compassionate-release motions in 1984. From 1984 to 2013, an average of only 24 inmates were released each year through BOP-filed motions. *Hearing on Compassionate Release and the Conditions of Supervision Before the U.S. Sentencing Comm'n* (2016) (statement of Michael E. Horowitz, Inspector General, Dep't of Justice). According to a 2013 report from the Office of the Inspector General, these low numbers resulted, in part, because the BOP's "compassionate release program had been poorly managed and implemented inconsistently, ... resulting in eligible inmates ... not being considered for release, and terminally ill inmates dying before their requests were decided." *Id*.

*United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *2 (E.D. Pa. Apr. 1, 2020).

3

> (i) extraordinary and compelling reasons warrant such a reduction…
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement pertaining to reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is set forth in Section 1B1.13 of the United States Sentencing Guidelines Manual, and provides that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the Application Notes to Section 1B1.13, the Sentencing Commission described circumstances that could be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), including the criteria to be applied and a list of specific examples. *See* U.S.S.G. § 1B1.13 cmt. n. 1. However, the Sentencing Commission has not amended or updated Section 1B1.13 or the Applications Notes since the First Step Act was enacted. Therefore, although Section 1B1.13 and the Application Notes provide helpful guidance, district courts are not bound by those sources in determining what constitutes "extraordinary and compelling reasons" for compassionate release under Section 3852(c)(1)(A). *See United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *3-6 (M.D. Tenn. Mar. 4, 2020).

### III. ANALYSIS

As an initial matter, the Court notes that there is no dispute that Defendant has exhausted administrative remedies in this case. (*See* Doc. No. 126 at 1 n.1). The Court is persuaded that the applicable Section 3553(a) factors support Defendant's request for compassionate release and that Defendant will not pose a threat to the community. *See* 18 U.S.C. § 3553(a)(2)(C). Defendant was an armed career criminal under Section 924(e) and had an extensive criminal history, but he has now served over ten years of the instant sentence and the Government has not identified any specific conduct suggesting Defendant poses a risk to the public upon release. During his incarceration, Defendant maintained a clean disciplinary record and participated in a number of classes, including a drug education course and health and wellness classes. During the 18 months he was on supervised release from June 2018 to January 2020, Defendant demonstrated that he is willing and able to a live a lawful and responsible life and that he can work with Court supervision. The Court also notes that Defendant is now at an age when recidivism rates drop significantly. A 112-month sentence is sufficient to reflect the seriousness of the offense, promote respect for the law, afford just punishment, afford adequate deterrence, and prevent unwarranted sentencing disparities. Accordingly, Defendant's eligibility for a sentence reduction under the statute turns on whether "extraordinary and compelling reasons warrant the reduction."

The Court finds that Defendant has presented extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A). It is undisputed that Defendant suffers from COPD and hypertension. According to the CDC, people of any age with COPD *are* at an increased risk of severe illness and death from COVID-19 and people with hypertension *might* be at an increased risk. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited August 19, 2020). The CDC further advises that "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." (*Id*.). The Court finds that, given the current COVID-19 pandemic, Defendant's chronic medical conditions of COPD and hypertension constitute extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A).

For the reasons set forth herein, Defendant's Motion for Compassionate Release (Doc. No. 113) is **GRANTED**. Accordingly, Defendant's term of imprisonment is reduced to time served.

The two-year term of supervised release imposed in the Judgement (Doc. No. 88) is extended to a four-year term of supervised release. 18 U.S.C. § 3583(e)(2). Defendant is subject to the conditions of supervised release imposed in the Judgment (Doc. No. 88), with the following additional condition:

(1) Defendant shall self-quarantine for 14 days upon arrival at his residence, given the current COVID-19 pandemic.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE